UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JACKIE DELLA VILLA,

    Plaintiff,

v.                      Case No. 8:13-cv-2795-T-33MAP

FEDERAL BUREAU OF INVESTIGATION
SARASOTA DIVISION,

    Defendant.
_____/

**ORDER**

This matter comes before the Court sua sponte. Upon review of the Amended Complaint (Doc. # 3), the Court determines that it lacks subject matter jurisdiction over this matter and thus dismisses the Amended Complaint without prejudice. However, in light of Plaintiff Jackie Della Villa's pro se status, the Court grants Della Villa leave to file a second amended complaint, on or before December 6, 2013, so that Della Villa may have an additional opportunity to properly allege jurisdiction and to state a cause of action, if possible.

"A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." Fitzgerald v. Seaboard Sys. R.R., Inc., 760 F.2d

1249, 1251 (11th Cir. 1985); Hallandale Prof'l Fire Fighters Local 2238 v. City of Hallandale, 922 F.2d 756, 759 (11th Cir. 1991) (stating "every federal court operates under an independent obligation to ensure it is presented with the kind of concrete controversy upon which its constitutional grant of authority is based").

Moreover, federal courts are courts of limited jurisdiction. Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994). "[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously [e]nsure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2001). Federal question jurisdiction requires that a party assert a substantial federal claim. Hagans v. Lavine, 415 U.S. 528, 536 (1976); see also Baker v. Carr, 369 U.S. 186, 199 (1962) (holding that if jurisdiction is based on a federal question, the plaintiff must show that he has alleged a claim under federal law that is not frivolous).

Importantly, "although federal courts have general subject matter jurisdiction over actions brought by federal

agencies or officers, 28 U.S.C. § 1345, there is no corollary rule whereby all suits brought against federal agencies or officers are within the subject matter jurisdiction of the federal courts." <u>Weeks v. Hous. Auth. of Opp, Ala.</u>, 887 F. Supp. 2d 1232, 1236 (M.D. Ala. 2012) (internal quotations omitted). Thus, although Della Villa names the Federal Bureau of Investigation as the sole Defendant in this matter, that fact alone does not excuse Della Villa's failure to allege facts supporting subject matter jurisdiction.

Far from asserting a substantial federal claim, the Amended Complaint is devoid of jurisdictional allegations and contains no perceivable cause of action. Della Villa's allegations, which include details of illegal drug activity, culminate in a request for this Court to order mandatory "arsenic testing." (Doc. # 3 at 3). The Court cannot discern a federal cause of action among these allegations, and has no obligation to hypothesize, even considering Della Villa's pro se status. <u>See</u> <u>Gibbs v. U.S.</u>, 865 F. Supp. 2d 1127, 1151 (M.D. Fla. 2012) ("The leniency afforded to pro se pleadings does not give a court license to serve as de facto counsel for a party or to

rewrite an otherwise deficient pleading in order to sustain an action.") (internal quotation omitted).

Although the Court has construed the Amended Complaint liberally in light of Della Villa's status as a pro se litigant, the Court ultimately concludes that the Amended Complaint's deficient jurisdictional allegations are critical. Although the Court has already granted Della Villa one opportunity to amend her Complaint in order to properly allege jurisdiction, the Court once again dismisses the operative Complaint without prejudice so that Villa may have an additional opportunity to properly allege jurisdiction and to state a cause of action, if possible. The Court emphasizes that merely filing an action against a federal agency is insufficient to establish federal jurisdiction; Della Villa must allege facts to support a substantial federal claim. The Court grants Della Villa leave to file a second amended complaint on or before December 6, 2013.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) The Amended Complaint (Doc. # 3) is dismissed without prejudice.

(2) Della Villa may file a second amended complaint on or before December 6, 2013.

(3) If no amended complaint is filed on or before December 6, 2013, this case may be dismissed without further notice.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 19th day of November, 2013.

/s/ Virginia M. Hernandez Covington
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record