```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                     TAMPA DIVISION
```

JACKIE DELLA VILLA,

       Plaintiff,

v.                              Case No. 8:13-cv-2795-T-33MAP

FEDERAL BUREAU OF INVESTIGATION
SARASOTA DIVISION,

       Defendant.
_____/

### ORDER

This matter comes before the Court sua sponte. Upon review of the construed Second Amended Complaint (Doc. # 6), the Court determines that it lacks subject matter jurisdiction over this action.

### I. Background

On October 31, 2013, Jackie Della Villa initiated this action against Defendant Federal Bureau of Investigation Sarasota Division. (Doc. # 1). Although Della Villa's initial filing was labeled as a "Complaint," it lacked a coherent statement of facts and failed to state any recognizable cause of action. In a section titled "The Relief," Della Villa listed: (1) "Order for Arsenic testing in any city within the state of Florida (location unknown to

FBI until results are given)" and (2) "50,000,000.00." (Doc. # 1 at 6).

On November 4, 2013, the Court issued an Order explaining that "federal courts are courts of limited jurisdiction" and dismissed the Complaint in light of its deficient jurisdictional allegations. (Doc. # 2). The Court granted Della Villa leave to file an amended complaint "so that [Della] Villa may have an additional opportunity to properly allege jurisdiction and to state a cause of action, if possible." (Id. at 3).

On November 14, 2013, Della Villa filed an Amended Complaint which once more requested that the Court order an "arsenic test." (Doc. # 3 at 4). The Amended Complaint, like the initial Complaint, failed to state a cause of action. On November 19, 2013, the Court entered an Order explaining again that it lacked subject matter jurisdiction over this case. (Doc. # 5). Specifically, the Court instructed that "merely filing an action against a federal agency is insufficient to establish federal jurisdiction; Della Villa must allege facts to support a substantial federal claim." (Id. at 4). The Court dismissed the Amended Complaint without prejudice and granted Della Villa leave to file a second amended complaint. (Id.).

2

On November 27, 2013, Della Villa filed a document entitled "Response," which this Court has construed as Della Villa's Second Amended Complaint. (Doc. # 6). Again, the pleading fails to state a cause of action. On December 2, 2013, Della Villa filed an additional document entitled "Confession/Arsenic testing." (Doc. # 7). Upon careful review of these documents and the entire record, the Court determines that it lacks subject matter jurisdiction over this action.

## II. Discussion

Pro se pleadings are held "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). However, "[t]he leniency afforded to pro se pleadings does not give a court license to serve as de facto counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action." Gibbs v. U.S., 865 F. Supp. 2d 1127, 1151 (M.D. Fla. 2012). Thus, pleadings of pro se litigants must meet certain essential burdens, one of which is satisfying the requirements of subject matter jurisdiction.

"A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises."

Fitzgerald v. Seaboard Sys. R.R., Inc., 760 F.2d 1249, 1251 (11th Cir. 1985); Hallandale Prof'l Fire Fighters Local 2238 v. City of Hallandale, 922 F.2d 756, 759 (11th Cir. 1991) (stating "every federal court operates under an independent obligation to ensure it is presented with the kind of concrete controversy upon which its constitutional grant of authority is based").

Moreover, federal courts are courts of limited jurisdiction. Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994). "[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously [e]nsure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2001). Federal question jurisdiction requires that a party assert a substantial federal claim. Hagans v. Lavine, 415 U.S. 528, 536 (1976); see also Baker v. Carr, 369 U.S. 186, 199 (1962) (holding that if jurisdiction is based on a federal question, the plaintiff must show that he has alleged a claim under federal law that is not frivolous).

Importantly, "although federal courts have general subject matter jurisdiction over actions brought by federal agencies or officers, 28 U.S.C. § 1345, there is no corollary rule whereby all suits brought against federal agencies or officers are within the subject matter jurisdiction of the federal courts." Weeks v. Hous. Auth. of Opp, Ala., 887 F. Supp. 2d 1232, 1236 (M.D. Ala. 2012) (internal quotations omitted).  Thus, although Della Villa names the Federal Bureau of Investigation as the sole Defendant in this matter, that fact alone does not excuse Della Villa's failure to allege facts supporting subject matter jurisdiction.

The Second Amended Complaint is devoid of jurisdictional allegations and contains no perceivable cause of action.  The Court has no obligation to hypothesize as to what federal cause of action Della Villa might have intended to allege, even considering Della Villa's pro se status.

Although the Court has construed the Second Amended Complaint liberally in light of Della Villa's status as a pro se litigant, the Court ultimately concludes that the Second Amended Complaint's deficient jurisdictional allegations are critical. The Court has already granted Della Villa two opportunities to amend the initial Complaint in order to properly allege jurisdiction.  However, not one of the

5

pleadings filed by Della Villa has asserted a substantial federal claim or stated any recognizable cause of action. Thus, because this Court is powerless to act beyond its statutory grant of subject matter jurisdiction, the Court hereby dismisses this action.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) The Construed Second Amended Complaint (Doc. # 6) is dismissed for lack of jurisdiction.

(2) The Clerk is directed to close this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 9th day of December, 2013.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

6